UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NATIONAL FOODCO CORPORATION, et al.                    PLAINTIFFS

v.                                           CIVIL ACTION NO. 3:07CV-37-S

PILGRIM'S PRIDE CORPORATION                              DEFENDANT


NATIONAL FOODCO CORPORATION, et al.                    PLAINTIFFS

v.                                          CIVIL ACTION NO. 3:06-MC41-S

PILGRIM'S PRIDE CORPORATION                              DEFENDANT


**MEMORANDUM OPINION**


This matter is before the court for consideration of a number of related matters.  National Foodco Corporation, Sunset Food Service, LLC, and Frisco Food Service, Inc. ("appellants") have appealed the dismissal of Adversary Proceeding ("AP") No. 06-3139 against Pilgrim's Pride Corporation after the bankruptcy court dismissed their Chapter 11 cases  (Case Nos. 06-32122; 06-32123; 06-32124) in which that AP was filed. (Civil Action No. 3:07CV-37-S).  They have also independently moved for withdrawal of the reference of the AP to the bankruptcy court. (Case No. 3:06-MC41-S).

The motion for withdrawal of the reference was filed after the bankruptcy court had dismissed the appellants' bankruptcy cases but prior to its ruling on their motions to vacate or amend the orders.  Prior to the filing of their reply on the withdrawal motion, the bankruptcy court had affirmed its dismissal of the bankruptcy cases and the associated AP.  The appellants have not appealed the dismissal of their bankruptcy cases.  Thus this court is left with two issues which, essentially, merge into one: whether the bankruptcy court should have recognized an alternative and independent basis for jurisdiction in this court over the AP and referred it rather than dismissing it.

That issue has been fully briefed in the appeal.  The related question is whether this court can and should withdraw the reference, independent of the action taken by the bankruptcy court.  These questions are answered both in the negative, as the court finds that the appellants' attempt at articulating a basis for diversity jurisdiction is insufficient.

The appellants admit that the complaint (1) does not allege diversity jurisdiction; (2) does not allege the state of incorporation and the principal place of business of Frisco Food Service, Inc. and National Foodco Corporation; (3) does not allege the citizenship of Sunset Food Service LLC; and (4) does not allege an amount in controversy exceeding $75,000.00.

The burden rests with appellants to establish diversity jurisdiction.  *See, Boladian v. UMG Recordings, Inc.*, 123 Fed.Appx. 165 (6th Cir. 2005), *citing, Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320 (6th Cir. 1990).  Pursuant to Fed.R.Civ.P. 8(a),[1] the complaint must contain a short and plain statement of the grounds upon which the court's jurisdiction depends.  The complaint alleges jurisdiction only pursuant to 28 U.S.C. § 1334 relating to bankruptcy cases and proceedings.

Appellants appeal the bankruptcy court's refusal to find diversity jurisdiction despite their failure to plead it.  The courts in the cases cited in support of this contention[2] found an alternative basis for jurisdiction where all of the jurisdictional prerequisites were alleged in the complaint.  That is not the case here.  Appellants would have the court infer from various documents[3] the necessary elements.  Appellants have cited no authority for the assertion that either the bankruptcy court or the district court may disregard Fed.R.Civ.P. 8(a) and cobble together its own jurisdictional justification

---

[1]Bank.R. 7008 makes Fed.R.Civ.P. 8 applicable to adversary proceedings.

[2]*Smith Barney, Inc. v. Sarver*, 108 F.3d 92 (6th Cir. 1997); *Lytle v. Freedom International Carrier, S.A.*, 519 F.2d 129 (6th Cir. 1975); *Williams v. U.S.*, 405 F.2d 951 (9th Cir. 1969); *Schwartz v. U.S.*, 191 F.2d 618 (4th Cir. 1951).

[3]The civil cover sheet stating a demand of $5,000,000.00 (the court has not seen the actual cover sheet completed by appellants, but the court's docket sheet reflects that demand) and contracts attached as exhibits to the complaint.

- 3 -

gleaned from other documents.  The court has no basis for inferring the elements of jurisdiction other than from the language of the verified complaint.

Further, were the court to engage in a scavenger hunt for jurisdictional elements, the court would not find evidence of the requisites for citizenship of the corporations and the limited liability corporation.  The contracts do not contain any information concerning the states of incorporation or the principal place of business of National Foodco Corporation or Frisco Food Service, Inc. There is no information concerning the members of Sunset Food Service, LLC or their citizenship. The court cannot simply presume these elements, as the appellants suggest.  The burden which rests with the appellants has not been met.

The court concluding that diversity jurisdiction was not pled, the dismissal of the AP by the bankruptcy court will be affirmed and the motion for withdrawal of the reference will be denied. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**